

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ML/ER
F. #2017R01392

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 19, 2021

By Hand Delivery and ECF

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Hugo Hernandez-Velazquez
               Criminal Docket No. 19-306 (S-1) (WFK)

Dear Judge Scanlon:

      The defendant Hugo Hernandez-Velazquez is scheduled to be arraigned on the above-captioned superseding indictment today, February 19, 2021. As described below, the defendant is charged with racketeering and racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(c), 1962(d) and 1963, sex trafficking by force, fraud and coercion and sex trafficking conspiracy, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) and 1594(c), alien smuggling conspiracy, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), interstate prostitution conspiracy, in violation of 18 U.S.C. §§ 371 and 2422(a), money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and distribution of prostitution proceeds, in violation of 18 U.S.C. §§ 1952(a)(1)(A) and 1952(b)(1). For the reasons set forth below, the government submits that no combination of conditions can secure the defendant's appearance at trial and the safety of the community.

I.      Procedural and Factual Background

      On October 8, 2019, a grand jury returned a twelve-count superseding indictment charging the defendant and others as members and associates of the Hernandez-Velazquez Trafficking Organization. As set forth in the indictment, since at least 2001, the Hernandez-Velazquez Trafficking Organization, a family organization based in Mexico, has used force, fraud and coercion to cause young women in Mexico to engage in prostitution in the United States. Members of the organization, including the defendant Hugo Hernandez-Velazquez, lured victims into romantic relationships through false promises of love and support. Victims were taken to the homes of members of the organization in Tenancingo,

Mexico, where they were often not allowed to leave the home and not allowed to contact their families. The victims were pressured to travel to the United States with promises of a better life with their trafficker. Once smuggled into the United States, members of the organization arranged to transport and did transport the young women to engage in prostitution at brothels and other locations in various states, including but not limited to Alabama, Connecticut, Florida, Georgia, Louisiana, Maryland, Massachusetts, Mississippi, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, Tennessee and Virginia. In addition, the organization maintained a base in Queens, New York, where co-defendant and sibling Arcelia Hernandez-Velazquez lived. The defendant and other members of the organization used violence, including physical beatings and forced abortions, and threatened violence to the victims' families to force the victims to continue prostituting. Members of the organization took the prostitution proceeds from their victims, often searching the victims to make sure no money was hidden and punishing the victim if she attempted to hide any money. The prostitution proceeds were sent to members of the organization back in Mexico through wire transfers and shipments of cash.

For his conduct, the defendant is charged with the following racketeering acts as part of Count One: alien smuggling conspiracy (Racketeering Act One), sex trafficking, interstate prostitution and alien smuggling of Jane Doe #1 (Racketeering Act Two), sex trafficking, interstate prostitution and alien smuggling of Jane Doe #4 (Racketeering Act Five), sex trafficking, interstate prostitution and alien smuggling of Jane Doe #5 (Racketeering Act Six) and money laundering conspiracy and distribution of prostitution proceeds (Racketeering Act Eight). In addition, the defendant is charged with racketeering conspiracy (Count Two), sex trafficking conspiracy (Count Three), alien smuggling conspiracy (Count Four), interstate prostitution conspiracy (Count Five), sex trafficking of Jane Doe #1 by force, fraud and coercion (Count Six), sex trafficking of Jane Doe #4 by force, fraud and coercion (Count Nine), sex trafficking of Jane Doe #5 by force, fraud and coercion (Count Ten), money laundering conspiracy (Count Eleven) and distribution of prostitution proceeds (Count Twelve). The defendant was arrested in Mexico pursuant to a provisional arrest warrant on August 4, 2020, and extradited to the United States on February 17, 2021.

II.     The Court Should Enter a Permanent Order of Detention

    A.     Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. 18 U.S.C. § 3142(e). A rebuttable presumption of dangerousness and risk of flight arises when a defendant is charged with a violation of § 1591. 18 U.S.C. § 3142(e)(3)(E). The presumption means that the Court must initially assume there is "no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. The defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d

433, 436 (2d Cir. 2001). Even if the defendant were to meet his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

To rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight. Id. To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and (4) the nature and seriousness of the danger to the community or to an individual that would be posed by release. 18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

  B. Analysis

Each of the factors referenced above weighs heavily against pre-trial release. First, the charged offenses are serious. As set forth above, the defendant is charged in connection with his membership of the Hernandez-Velazquez Trafficking Organization, a violent organization that preyed on young women for more than eighteen years. The conduct of the organization was incredibly violent and transnational in scope. The defendant, who has been a member of the organization during the entire period alleged, is charged in connection with the sex trafficking of three separate victims, for which he faces a mandatory minimum sentence of 15 years in custody. The defendant was a hands-on member of the organization who abused and exploited his victims, ensuring each victims' continued prostitution and making sure that those proceeds were turned over to the organization. There can be no dispute that the nature of the charged offenses is serious.

Second, the weight of the evidence is strong. As set forth in the superseding indictment, the defendant is charged in connection with Count One with five racketeering acts involving three separate victims. He is further charged in eight additional counts, including three counts of sex trafficking by force, fraud and coercion. The government's evidence includes not only the testimony of multiple victims of the organization but also phone evidence, wire remitter records, border crossing records and arrest records, among other documents.

Third, the defendant's history and characteristics demonstrate that he is a danger to the community. Although the defendant does not have a criminal history, he has

3

engaged in the charged conduct for more than eighteen years. Along with his family, the defendant operated a business of exploiting and abusing women. He recruited and coerced victims into prostitution and maintained control of the victims using force, fraud and coercion, including causing victims to have multiple forced abortions.

Finally, the defendant poses a risk of flight. The defendant faces a mandatory minimum sentence of 15 years and a possibility of life in prison and is thus highly motivated to flee the jurisdiction. Moreover, the defendant, who was arrested in and extradited from Mexico, has strong ties to Mexico, where the Hernandez-Velazquez Trafficking Organization is based, increasing his motivation to flee.

III.   Conclusion

For the foregoing reasons, the government respectfully requests that the Court issue a permanent order of detention.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/
Margaret Lee
Erin Reid
Assistant U.S. Attorney
(718) 254-6205/6361

cc:   Calvin Scholar, Esq. (by email)

4