UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

HUGO HERNANDEZ-VELAZQUEZ,

                         Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CR-306-4 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 27, 2023, Hugo Hernandez-Velazquez ("Defendant") pled guilty to Count Ten (10) of a twelve-count Superseding Indictment, charging him with Sex Trafficking in violation of 18 U.S.C. § 1591(a). Plea Agreement ¶ 1, ECF No. 139. The Court now sentences Defendant and provides a complete statement of reasons under 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 188 months' imprisonment; five years' supervised release with both the standard and special conditions of release, excepting the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d); restitution of $221,676.00 to Jane Doe #1; and a $100.00 mandatory special assessment.

## I. Background

From approximately 2001–2019, Defendant and three of his siblings (brothers Ernesto and Giovanni and sister Arcelia) ran the Hernandez-Velazquez Trafficking Organization (the "Organization"). The Organization was a criminal enterprise profiting from the forced prostitution of young women smuggled from Mexico into the United States without proper documentation. Sealed Presentence Investigation Report ("PSR") ¶ 6, ECF No. 160. The Organization targeted women from poor communities without access to adequate education. *Id.* ¶ 4.

Defendant and his brothers entered into romantic relationships with potential victims, luring them away from their homes with promises of a better life in the United States. *Id.* ¶ 7. The Organization held its victims at houses in Tenancingo, Mexico, a town notorious for sex

trafficking. *Id.* ¶¶ 5, 7. The victims were not allowed to leave the home or contact their families. *Id.* ¶ 7.

Once in the United States, many of the victims were sent to live and work at the Organization's headquarters on 26-14 18th Street in Queens, New York. *Id.* ¶ 8. The Organization used violence to force their victims to continue working as prostitutes, including physically beating them, forcing them to have abortions, and threatening to harm their families in Mexico. *Id.* Defendant and his siblings took the money these women earned and disbursed it to Hernandez-Velazquez family members in Mexico. *Id.* ¶¶ 9–10.

Defendant's victims included Jane Doe #1 and Jane Doe #5. Around 2001, Defendant coerced Jane Doe #1 to move in with him and is family in Tenancingo, Mexico. *Id.* ¶ 16. There, Defendant forced Jane Doe #1 to work as a prostitute, monitoring her phone calls, controlling her movements, and collecting all the money she earned. *Id.* Later, Defendant smuggled Jane Doe #1 into the United States to work as a prostitute in various states, including New York, Delaware, Connecticut, Massachusetts, Rhode Island, Maryland, Virginia, New Jersey, and Washington D.C. *Id.* ¶ 17. She had sex with up to twenty to thirty clients an evening. *Id.* To keep her working, Defendant forced her to have multiple abortions, forced her to drink alcohol, and inserted sponges into her vagina when she was menstruating. *Id.* ¶¶ 16–17. Defendant was also violent, beating Jane Doe #1, taking her son from her, and threatening her mother. *Id.* ¶ 18.

Defendant did the same to Jane Doe #5. *See id.* ¶¶ 26–31. When Jane Doe #5 became pregnant while working as a prostitute in Mexico, Defendant forced her to take medication to induce a miscarriage, causing fifteen days of bleeding. *Id.* ¶ 28. Defendant forced Jane Doe #5 to return to prostitution work as soon as the bleeding stopped. *Id.* After being smuggled into the

United States, Jane Doe #5 was made to have sex with up to thirty-five clients an evening and was given medication to induce another miscarriage. *Id.* ¶ 30.

*Procedural History*

On August 4, 2020, Defendant was arrested in Mexico. *Id.* ¶ 38. On February 17, 2021, he was extradited to the United States. *Id.* On April 27, 2023, Defendant pled guilty to Count Ten of the Superseding Indictment, charging him with Sex Trafficking in violation of 18 U.S.C. § 1591(a). Plea Agreement ¶ 1. In his plea agreement, Defendant consented to paying restitution to Jane Does #1 and #5 in the full amount of each victim's losses. *Id.* ¶ 1 n.1.

## II. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

3

## III. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

*1.   Family and Personal Background*

Defendant was born on June 22, 1975, in Tenancingo, Mexico. PSR ¶ 72. He was raised by both parents in a lower-income household. *Id.* ¶ 74. His father is a retired factory worker, and his mother was a homemaker who worked odd jobs to help support the family. *Id.* ¶¶ 72, 74. Defendant has a good relationship with his father, who is aware of Defendant's arrest and supportive. *Id.* Defendant's mother passed away in December 2020. *Id.*

Defendant has four siblings. *Id.* ¶ 73. Three were involved in the instant offense. *Id.* The fourth is an attorney living in Mexico. *Id.* Defendant reports having a good relationship with each. *Id.*

Defendant has three children with three different women. *Id.* ¶¶ 76–78. His oldest child, a daughter, is twenty-eight; his youngest child, a son, is three. *Id.* His middle child, also a son, was tragically killed in 2022. *Id.* ¶ 77; Def. Sent'g Mem. at 2–3, ECF No. 189. Defendant's daughter, who lives in Mexico, is aware of the instant offense and supportive. PSR ¶ 76.

*2.   Educational and Employment History*

Defendant attended primary and secondary school in Mexico. *Id.* ¶ 84. He matriculated to the Universidad de las Americas Puebla, but withdrew after his first year because it was too expensive. *Id.* From ages fourteen to twenty-three, Defendant worked as a cleaner and machinery worker in Mexico. *Id.* ¶ 88. He reports no other history of employment. *Id.* ¶ 87.

4

While in custody at the Metropolitan Detention Center ("MDC"), Defendant has not enrolled in any education courses or held any work assignments. *Id.* ¶ 79.

### 3. *Prior Convictions*

Defendant has no known prior criminal convictions. *Id.* ¶ 67.

### 4. *Physical and Mental Health*

Defendant reports no current or prior physical, mental, or emotional health conditions. *Id.* ¶¶ 81–82. While saddened by the loss of his son and mother, Defendant describes himself as "a mostly happy person." *Id.* ¶ 82.

### 5. *Substance Abuse*

Defendant reports no history of drug or alcohol abuse. *Id.* ¶ 83.

### 6. *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

## B. The Need for the Sentence Imposed

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense. He sex-trafficked vulnerable young women from poor communities in Mexico. He physically beat Jane Does #1 and #5. He threatened their families, forced them to terminate multiple pregnancies,

forced them to work while menstruating and have sex with dozens of men an evening, and stole every dollar they made. *See supra* Part I. The Court's sentence justly punishes Defendant for his crimes and will deter others from engaging in similar acts.

### C. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Sex Trafficking in violation of 18 U.S.C. § 1591(a). He faces a mandatory minimum sentence of fifteen (15) years' imprisonment and a maximum sentence of life. 18 U.S.C. § 1591(b)(1). He faces a minimum term of five (5) years' supervised release and a maximum term of life. 18 U.S.C. § 3583(k). He is ineligible for probation because Sex Trafficking is a Class A Felony. 18 U.S.C. §§ 3561(a)(1) and (a)(3).

Defendant faces a maximum fine of the greater of $250,000.00, or twice the gross gain or twice the gross loss. 18 U.S.C. §§ 3571(b)(2), (b)(3), and (d). Restitution is mandatory in this case. *Id.* ¶ 102. In his Plea Agreement, Defendant agrees to pay restitution to Jane Does #1 and #5 in the full amount of each victim's losses. *See* Plea Agreement ¶ 1 n.1. Jane Doe #1 claimed restitution of $221,676.00; specifically, $39,858.00 in lost income in Mexico and $182,091.00 in lost income in the United States. PSR ¶ 102. Jane Doe #5 has not submitted a claim yet. Sealed Addendum to the PSR ¶ 50. The Court may hold an evidentiary hearing within ninety days after sentencing to determine the specific amount in restitution owed to victims under 18 U.S.C. § 3664(d)(5).

In addition to these penalties, Defendant faces removal and criminal forfeiture as set forth in his Plea Agreement. Plea Agreement ¶¶ 6–8. Defendant is required to register as a sex offender pursuant to 34 U.S.C. § 20901 *et seq. See* PSR ¶¶ 105–07.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for Sex Trafficking is U.S.S.G. §2G1.1(c), which directs the Court to use the base offense levels set forth in U.S.S.G. §2A3.1(a) where, as here, the offense involved conduct described in 18 U.S.C. §§ 2241(a) or (b). Pursuant to U.S.S.G. §2A3.1(a)(2), Defendant's base offense level is thirty (30).

Certain enhancements apply. Four offense levels are added because Defendant caused his victim to engage in sexual acts using threats and force. U.S.S.G. §2A3.1(b)(1). Two offense levels are added because Defendant caused his victim to sustain serious bodily injury by inducing miscarriages. U.S.S.G. §2A3.1(b)(4)(B). Two offense levels are added because Defendant knew or should have known he was targeting a vulnerable victim. U.S.S.G. §3A1.1(b)(1). These enhancements result in an adjusted offense level of thirty-eight (38).

Certain reductions also apply. Three offense levels are subtracted because Defendant timely accepted responsibility for the offense. U.S.S.G. §§3E1.1(a)–(b). One offense level is subtracted for the global resolution of this case. U.S.S.G. §5K2.0.[1] These reductions result in a total adjusted offense level of thirty-four (34).

---

[1] Probation originally omitted this reduction from the PSR. However, after defense counsel and the Government flagged the PSR's omission of the one-point reduction in their respective sentencing memoranda, Probation filed an addendum to the PSR stating Defendant had satisfied "the Global Plea reduction contemplated in the plea agreement." *See* Sealed Addendum to the PSR at 2, ECF No. 192.

Probation recommends a top-of-the-Guidelines sentence of 188 months' imprisonment, followed by five years' supervised release with special conditions; restitution to Jane Doe #1 of $221,676.00, due immediately and payable at a rate of $25.00 per quarter while in custody and 10% of gross monthly income while on supervised release; and a $100.00 mandatory special assessment. Sealed Revised Prob. Sent'g Rec. at 1, ECF No. 192-1. Probation recommends excusing Defendant from the mandatory drug provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d). *Id.*

The Government recommends a Guidelines sentence of 180–188 months' imprisonment. Gov't Sent'g Mem. at 1, 4–5, ECF No. 197. The Government describes Defendant as "extraordinarily controlling and violent with his victims, Jane Does #1 and #5." *Id.* at 2.

Defense counsel recommends a bottom-of-the-Guidelines sentence of 180 months' imprisonment, *i.e.*, the mandatory minimum sentence. Def. Sent'g Mem. at 1–2. Defense counsel characterizes Defendant as a "family and community-centered character," citing letters of support from Defendant's family and friends. *Id.* at 5.

The Court appreciates all the parties' arguments and has considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation directs the Court to the policy statement at U.S.S.G. §5K2.21, permitting the Court to consider additional criminal conduct not accounted for in the Guidelines calculation. *See* PSR ¶ 109 ("[D]ue to the pattern of conduct by the Hernandez-Velazquez Trafficking Organization in this case, it is presumed that [Defendant] was involved, at least indirectly, in the trafficking of other unidentified victims throughout the operation of the Organization.").

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

On February 27, 2025, and March 17, 2025, this Court sentenced each of Defendant's brothers, Ernesto and Giovanni, to 210 months' imprisonment and five (5) years' supervised release. *See* ECF Nos. 200, 211. For the reasons stated in this Memorandum and Order, and considering the other six Section 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As explained above, restitution is mandatory in this case under 18 U.S.C. § 3663A. The Court reserves its right under 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within ninety days after this sentencing to determine issues of restitution.

### IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to 188 months' imprisonment; five years' supervised release with both the standard and special conditions of release, excepting the mandatory drug testing provisions of 18 U.S.C. §§ 3563(a)(5) and 3583(d); restitution of $221,676.00 to Jane Doe #1; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine given Defendant's inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report and Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2025
      Brooklyn, New York